COMMONWEALTH vs. JOHANNA H. LIGHT.

Plymouth. January 8, 1985. — February 25, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & O'CONNOR, JJ.

*Practice, Criminal,* Disclosure of evidence, Dismissal, Conduct of prose-
cutor. *Due Process of Law,* Disclosure of evidence, Conduct of prose-
cutor.

Before and during a bench trial in a District Court on a complaint arising
out of a collision of an automobile with a police cruiser, the police
prosecutor's misconduct in failing to disclose exculpatory evidence in
the form of a State chemist's report stating that paint chips from the
cruiser and paint chips from the defendant's motor vehicle were not
similar, while entitling the defendant to a new bench trial, did not warrant
dismissal of the complaint where the circumstances did not disclose that
the defendant's rights were irremediably prejudiced or that the miscon-
duct was intentional in the sense that the police knew the defendant was
entitled to the test results. [114-115] LIACOS, J., dissenting.

COMPLAINT received and sworn to in the Plymouth Division
of the District Court Department on December 28, 1982.

On appeal to the jury session of the Wareham Division, a
motion to dismiss was heard by *Edward J. Shea,* J.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Robert P. Snell,* Assistant District Attorney, for the Com-
monwealth.

*Charles D. Rotondi* for the defendant.

WILKINS, J. The Commonwealth withheld material, excul-
patory evidence from the defendant before and during her bench
trial in the Plymouth District Court. She was charged on a
complaint with going away, after knowingly colliding with a
motor vehicle, without making known her name, residence,
and the registration number of her vehicle. G. L. c. 90, § 24.

The charge arose in connection with an alleged collision on
November 4, 1982, between a motor vehicle operated by the

defendant and a police cruiser owned by the town of Marshfield, parked on a way in that town. Well before the District Court bench trial on April 13, 1983, the Marshfield police department had received a report from a chemist with the Massachusetts Department of Public Safety stating that paint chips from the cruiser and paint chips from the defendant's motor vehicle (including one of its bumpers) were not similar. This evidence was known to the police prosecutor at the time of trial and had been denied to the defendant by a police officer despite her oral request before trial. The defendant, who proceeded pro se at her bench trial, did not move for the disclosure of exculpatory evidence. The results of the paint sample test were not introduced at that trial. The bench trial judge knew of the fact, but not the results, of the paint sample test. The bench trial judge found the defendant guilty.

The defendant appealed to the jury session of the Wareham District Court, where, now represented by counsel, she moved to dismiss the complaint. After a hearing on December 1, 1983, a judge allowed the motion on two grounds, one of which was the withholding of exculpatory evidence.[1] The Commonwealth appealed, and we transferred the appeal to this court on our own motion.

The Commonwealth argues that under *Lydon* v. *Commonwealth*, 381 Mass. 356, 363, cert. denied, 449 U.S. 1065

---

[1] The other ground for allowance of the motion was the insufficiency of the evidence at the bench trial to sustain a guilty finding. At the time the motion to dismiss was allowed, the question was arguably open whether a retrial was constitutionally permissible where a guilty finding at a bench trial had been based on insufficient evidence to warrant a conviction. Compare *Lydon* v. *Commonwealth*, 381 Mass. 356, cert. denied, 449 U.S. 1065 (1980) (retrial permissible) with *Lydon* v. *Boston Mun. Court*, 698 F.2d 1 (1st Cir. 1982) (retrial barred). However, in April, 1984, after allowance of the defendant's motion to dismiss, the Supreme Court of the United States reversed the Court of Appeals decision cited above. *Boston Mun. Court* v. *Lydon*, 466 U.S. 294 (1984). This ground for allowing the motion to dismiss does not, therefore, support dismissal. We do not know whether the judge in the jury trial session would have dismissed the complaint if the sole ground were the failure to disclose material, exculpatory evidence. He made no findings of fact or rulings of law.

(1980), the sole remedy for prosecutorial misconduct at the bench trial level is a retrial in the District Court jury session. In some instances, charges should be dismissed because of prosecutorial misconduct. In others, of which this case is one, a defendant is entitled only to be protected from the prosecutor's misconduct by having a new trial, which, in this case, should be at the bench trial level. In the circumstances of this case, a retrial at the jury trial level would not adequately protect the defendant's rights.

We have no doubt that the evidence was material and exculpatory, and that withholding it was prejudicial. See *Commonwealth* v. *Lam Hue To*, 391 Mass. 301, 308 (1984); *Commonwealth* v. *Liebman*, 388 Mass. 483, 487-488 (1983); *Commonwealth* v. *St. Germain*, 381 Mass. 256, 261 & nn. 6 & 7 (1980). The police, acting as prosecutors, are held to the same prosecutorial standard concerning the disclosure of exculpatory evidence as are lawyer prosecutors. *Commonwealth* v. *Redding*, 382 Mass. 154, 157 (1980). See *Commonwealth* v. *Lam Hue To, supra* at 311. Because the defendant requested and was denied material, exculpatory evidence known to the police, which might well have ended the case with a finding of not guilty, essential fairness entitles the defendant at least to another bench trial, if she wishes it. The remaining question is whether she is entitled to the dismissal of the complaint.

Where prosecutorial misconduct constitutes a deliberate and intentional undermining of constitutional rights or where the prejudicial effect of the misconduct cannot be remedied by granting a new trial, the drastic remedy of dismissal of charges may be appropriate. See *Commonwealth* v. *Cinelli*, 389 Mass. 197, 210, cert. denied, 464 U.S. 860 (1983); *Commonwealth* v. *Manning*, 373 Mass. 438, 443-444 (1977). In recent cases we ordered further proceedings in the trial court to determine whether prosecutorial misconduct in the late disclosure of evidence constituted irremediable harm to the defendant, thus precluding a fair trial. See *Commonwealth* v. *Murchison*, 392 Mass. 273, 276 (1984); *Commonwealth* v. *Lam Hue To, supra* at 314. Here, however, we see no basis for concluding that the defendant's rights were irremediably prejudiced by the

failure to disclose the exculpatory evidence before her bench trial. Further, measuring the misconduct here against the misconduct shown in other cases we have decided in recent years, we conclude that it was not so egregious as to require dismissal of the complaint. There was no indication that the misconduct was intentional in the sense that the police knew the defendant was entitled to the test results. See *Commonwealth* v. *Lam Hue To, supra* at 311-312.

The order allowing the motion to dismiss the complaint is reversed. The case is remanded to the Wareham District Court jury session, where an order is to be entered denying that motion. The defendant shall have the following option: If within thirty days of the entry of the rescript she moves for a remand of the case to the Plymouth District Court for a bench trial, the motion shall be allowed. If no such motion is so filed, the case shall stand for trial in the District Court jury session. This court will entertain a motion supported by an affidavit, filed under Mass. R. Crim. P. 15 (d), 378 Mass. 882 (1979), for the payment of the defendant's costs on this appeal and reasonable attorney's fees.

*So ordered.*

LIACOS, J. (dissenting). I agree generally with the court's discussion of the legal principles raised by this appeal. However, I cannot join in the court's conclusion that to give an opportunity to the defendant for a new bench trial suffices as a remedy to offset the misconduct of the law enforcement authorities. In may view, the misconduct of the police was sufficiently egregious to bring it within the prophylactic rule enunciated in *Commonwealth* v. *Manning*, 373 Mass. 438, 444 (1977). It is important, I think, briefly to separate out two parallel legal principles that have been set forth in our opinions in cases of this type. In this way I can make clear my precise point of disagreement with the opinion of the court.

First, where the prosecutor fails to disclose exculpatory and material evidence and the defendant is prejudiced, a new trial

may be required, but a motion to dismiss should not be allowed absent a showing of irremediable harm to the defendant's opportunity to obtain a fair trial. *Commonwealth* v. *Lam Hue To*, 391 Mass. 301, 314 (1984). Double jeopardy principles do not bar a retrial, if a mistrial has been declared, absent a prosecutorial effort to "goad" a defendant into moving for a mistrial. *Oregon* v. *Kennedy*, 456 U.S. 667, 676 (1982). *Commonwealth* v. *Lam Hue To, supra* at 311. Cf. *Commonwealth* v. *Jackson*, 391 Mass. 749, 753 (1984). As we stated in *Commonwealth* v. *Cinelli*, 389 Mass. 197, 210, cert. denied, 464 U.S. 860 (1983), "[a]bsent egregious misconduct *or* at least a serious threat of prejudice, the remedy of dismissal infringes too severely on the public interest in bringing guilty persons to justice" (emphasis supplied). Thus, in the absence of egregious misconduct, dismissal of the charges is not warranted unless the defendant persuades the court that the prejudice he has suffered precludes a fair trial, or that double jeopardy principles bar a new trial.

An alternative and separate principle requiring dismissal of the charges is found in *Commonwealth* v. *Manning*, 373 Mass. 438 (1977). Thus, where prosecutorial misconduct is egregious, deliberate, and intentional, "[p]rophylactic considerations assume paramount importance . . . ." *Id.* at 444. See *Commonwealth* v. *Carlson*, 17 Mass. App. Ct. 52, 57 (1983), where the Appeals Court recognized the distinct nature of this principle. Additionally, we have stated in *Commonwealth* v. *Jackson*, 391 Mass. 749, 754 (1984), as to the sanction of dismissal: "The purpose of the sanction [in *Manning*] was not to rectify harm done to the defendant, because there had been none; the point was to discourage government agents from such deliberate and insidious attempts to subvert the defendant's right to a fair trial . . . ."

While I agree with the court that the evidence withheld by the Marshfield police was material and exculpatory, and that failure to disclose it was prejudicial at the bench trial, I rely instead on the prophylactic aspects of *Manning* for my view that this defendant is entitled to a dismissal of the charges. In so doing, I rely on these facts of record: (1) the Department of

Public Safety chemist's report shows that the paint found on the police cruiser was "not similar" to the paint on the defendant's vehicle; (2) the police knew this three months prior to trial; (3) the police arbitrarily refused the defendant's repeated, specific requests for the chemist's report; (4) the identification evidence as to the defendant's culpability was not strong; and (5) the motion judge allowed as a separate basis of dismissal that "[t]he Commonwealth violated defendant's rights by withholding exculpatory evidence, which if produced would have required a finding of not guilty."

In my view, the conduct here was egregious. It appears designed to obtain a conviction which otherwise was most unlikely. In short, this defendant, acting pro se, suffered a finding of guilty, another hearing before the motion judge, and this appeal. The time and money she has been forced to expend unnecessarily to defend a relatively minor misdemeanor complaint, resulting in a fine of $125, is unconscionable. I do not believe sending her back to begin all over again is just or equitable. Nor do I think this court ought to condone such conduct by law enforcement officers. Justice for this defendant, and for others in the future, would be better served by a ruling that this court will not tolerate such behavior by law enforcement officers. The complaint should be dismissed.