COMMONWEALTH vs. CALVIN P. CRONK.

Plymouth.  September 11, 1985. — November 12, 1985.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Practice, Criminal,* Discovery, Dismissal, Conduct of prosecutor. *Jurisdic-tion,* Trial court, Reconsideration of order or judgment.

A trial judge who had dismissed a criminal complaint with prejudice did not have jurisdiction to vacate the dismissal after the Commonwealth's appeal from it had been entered in the Appeals Court. [196-197]

Where in dismissing a criminal complaint with prejudice, based on the prosecution's prolonged delay in complying with discovery orders, the judge made no finding that the defendant's rights had been irremediably prejudiced by the delayed disclosure, and where the conduct in question was not so egregious as to warrant dismissal as a preventive measure, the matter was remanded for reconsideration and appropriate findings. [198-201]

COMPLAINT received and sworn to in the Brockton Division of the District Court Department on March 30, 1984.

The complaint was ordered dismissed By *George N. Covett,* J.

After review was sought in the Appeals Court, the Supreme Judicial Court ordered direct review on its own initiative.

*Mary Ellen O'Sullivan,* Assistant District Attorney, for the Commonwealth.

*Alvin Jack Sims* for the defendant.

HENNESSEY, C.J. In this case a District Court judge ordered that a criminal complaint be dismissed with prejudice because of the Commonwealth's failure to comply with discovery orders. Subsequently the judge entered a second order that the dismissal order be vacated. We conclude that, because the Commonwealth's appeal of the District Court judge's order was entered in the Appeals Court[1] prior to the judge's second

_____

[1] We consider the appeal to have been "entered," not merely on notice of appeal, but when the claim of appeal is received by the appellate court.

order, the District Court judge was without jurisdiction to re-. consider his earlier action on the matter. We remand the matter to the District Court judge, however, for reconsideration of his order for dismissal in light of the guidelines set forth in this opinion.

The relevant facts are summarized as follows. On April 2, 1984, the defendant, Calvin P. Cronk, pleaded not guilty to a charge of indecent assault and battery on a child under fourteen. At the April 2 arraignment, the matter was continued to June 1, 1984, on which date a pretrial conference was scheduled. The defendant filed eleven separate discovery motions pursuant to Mass. R. Crim. P. 13 (a), (b), and 14 (a) (1), (2), 378 Mass. 871-872, 874-875 (1979). With several exceptions, on April 17, 1984, a District Court judge allowed the defendant's discovery requests and ordered the Commonwealth to produce certain information and documents.

At the time of the pretrial conference on June 1, the Commonwealth had not responded to the discovery order. Accordingly, the District Court judge directed the Commonwealth to comply with the April 17 order by June 8, 1984. The Commonwealth was also instructed that failure to provide the desired discovery materials by June 8 would cause the court to dismiss the complaint against the defendant with prejudice. A second pretrial conference was scheduled for June 15.

On June 12, 1984, the Commonwealth filed responses to discovery along with a motion to permit late filing. As the reason for its noncompliance, the Commonwealth cited an unforeseen mechanical failure in the printer of the district attorney's office word processing system on the afternoon of June 8. The defendant's motion to dismiss the complaint with prejudice was granted on June 15. The Commonwealth filed a notice of appeal and by August 24 the appeal was entered in the Appeals Court.

While the Commonwealth's appeal was pending, the District Court judge issued an order on September 28 vacating his earlier dismissal of the complaint against Cronk following a September 25 hearing. In vacating the dismissal, the judge observed that little information was gained by the Common-

wealth's answers and that the defendant "suffered no real harm by the prosecutor's delay in responding to the orders for discovery" because he "was not forced to stand trial without notice of undisclosed facts."

The effect of the September 28 order was to reinstitute the prosecution of Cronk. Relying on the order, the Commonwealth moved in the Appeals Court to dismiss the Commonwealth's appeal entered on August 24. This motion was allowed by the Appeals Court on October 15, 1984. The defendant then filed a petition with the Supreme Judicial Court for Suffolk County seeking relief under G. L. c. 211, § 3, on January 23, 1985, claiming that the District Court judge lacked the authority to vacate his earlier dismissal with prejudice while the Commonwealth's appeal was pending in the Appeals Court. The single justice allowed the Commonwealth's motion to reinstate its appeal "[b]ecause the Commonwealth relied on the validity of the district court judge's action in vacating his prior order [of dismissal]." The single justice remanded to the Appeals Court for expedited consideration the issue of the District Court judge's authority to vacate a prior order while the case was pending in the Appeals Court and the Commonwealth's reinstated appeal from the trial judge's dismissal of the complaint challenging the dismissal as an abuse of discretion. We transferred the case here on our own motion.

First, we address the defendant's contention that a trial judge lacks the authority to vacate an earlier order while an appeal of the order is pending in an appellate court. While the Massachusetts Rules of Criminal Procedure do not expressly permit a judge to rehear a matter, no policy prohibits reconsideration of an order or judgment in appropriate circumstances. "It was one of the earliest doctrines of the common law that the record of a court might be changed or amended at any time during the same term of the court in which a judgment was rendered." *Fine* v. *Commonwealth*, 312 Mass. 252, 255 (1942). Even though the time of sitting no longer has any relevance in setting limits on the jurisdiction of a court over its own judgments, allowing judges to reconsider prior orders within a reasonable time continues to be an efficient and fair means of advancing

the administration of justice. See *Fine* v. *Commonwealth, supra* at 258. The availability of appellate review does not preclude reconsideration by a judge of a prior order provided that the request for reconsideration is made within a reasonable time. See *United States* v. *Cook,* 670 F.2d 46, 48 (5th Cir.), cert. denied, 456 U.S. 982 (1982) ("[I]n criminal proceedings, petitions for rehearing of orders affecting final judgment are timely filed if made within the period allotted for the noticing of an appeal"). Once a party enters an appeal, however, the court issuing the judgment or order from which an appeal was taken is divested of jurisdiction to act on motions to rehear or vacate. See *Norman* v. *Young,* 422 F.2d 470, 474 (10th Cir. 1970); *Weiss* v. *Hunna,* 312 F.2d 711, 713 (2d Cir.), cert. denied, 374 U.S. 853 (1963), reaffirmed in *Diapulse Corp.* v. *Curtis Publishing Co.,* 374 F.2d 442, 447 (2d Cir. 1967) (motion for relief from judgment filed after appeal taken proper where permission of appeals court to so move obtained).[2]

In the case at bar, the Commonwealth noticed its appeal on the same date the District Court judge entered an order dismissing the complaint against Cronk, June 15, 1984, and the appeal was entered in the Appeals Court by August 24, 1984. The District Court judge's order vacating the earlier dismissal of the complaint was not entered until September 28, 1984, well after the Appeals Court had accepted jurisdiction of the appeal. After the appeal of the prior order had been entered in the Appeals Court, the District Court judge no longer had jurisdiction to reconsider the earlier order to dismiss the complaint or to issue a new order to vacate. *Norman* v. *Young, supra. Weiss* v. *Hunna, supra.* Cf. *Commonwealth* v. *SS Zoe Colocotroni,* 601 F.2d 39, 42 (1st Cir. 1979). The District Court judge's action in reconsidering and vacating his prior dismissal of the Commonwealth's complaint against Cronk, therefore, was error.

[2] See *Commonwealth* v. *SS Zoe Colocotroni,* 601 F.2d 39, 42-43 (1st Cir. 1979) (District Court lacks jurisdiction to *grant* a motion to vacate while an appeal is pending, but may consider and *deny* a motion to vacate. If the District Court is inclined to grant the motion, the moving party must request the appellate court to remand the case so the District Court can vacate the judgment from which appeal was originally taken.)

Our conclusion that the District Court judge erred in reconsidering and vacating the order dismissing the complaint against Cronk requires that we consider the Commonwealth's challenge to the judge's original dismissal of the complaint. In the appeal reinstated by the single justice, the Commonwealth contends that the trial judge's dismissal of the complaint constituted an abuse of discretion because the Commonwealth's compliance with discovery orders, although untimely, occurred before a trial date was established. According to the Commonwealth, the defendant's constitutional right to a fair trial was not prejudiced by the delayed disclosure. The issues implicated by the Commonwealth's arguments merit careful examination here and by the trial judge on remand.

In the proper exercise of discretion, a judge may order discovery of information necessary to the defense of a criminal case. Mass. R. Crim. P. 14 (a)(2), 378 Mass. 874 (1979). *Commonwealth* v. *Douzanis,* 384 Mass. 434, 436 (1981). Upon the failure of the Commonwealth to comply with a lawful discovery order, a judge "may impose appropriate sanctions, which may include dismissal of the criminal charge." *Commonwealth* v. *Douzanis, supra.* See Mass. R. Crim. P. 14 (c)(1), 378 Mass. 880 (1979). The dismissal of a criminal case is a remedy of last resort because it precludes a public trial and terminates criminal proceedings. For this reason, the Legislature has granted the Commonwealth the right to appeal when serious felony cases are dismissed. *Burke* v. *Commonwealth,* 373 Mass. 157, 160-161 (1977). See G. L. c. 278, § 28E (1984 ed.)

Two parallel legal principles govern the resolution of cases involving prosecutorial misconduct where dismissal is contemplated. *Commonwealth* v. *Light,* 394 Mass. 112, 115 (1985) (Liacos, J., dissenting). Where the prosecutor fails to disclose evidence the defendant is entitled to receive and the defendant is prejudiced by the failure to disclose, a motion to dismiss should not be allowed absent a showing of irremediable harm to the defendant's opportunity to obtain a fair trial. *Id.* at 115-116, citing *Commonwealth* v. *Lam Hue To,* 391 Mass. 301, 314 (1984). Under the alternative principle, prosecutorial

misconduct that is egregious, deliberate, and intentional, or that results in a violation of constitutional rights may give rise to presumptive prejudice. In such instances prophylactic considerations may assume paramount importance and the "drastic remedy" of dismissal of charges may become an appropriate remedy. *Commonwealth* v. *Light,* 394 Mass. at 114, citing *Commonwealth* v. *Cinelli,* 389 Mass. 197, 210, cert. denied, 464 U.S. 860 (1983). *Commonwealth* v. *Manning,* 373 Mass. 438, 443-444 (1977). Proper application of these principles in determining whether dismissal is warranted because of prosecutorial misconduct requires that the rights of defendants be balanced against the necessity for preserving society's interest in the administration of justice. *United States* v. *Morrison,* 449 U.S. 361, 364 (1981). Remedies for prosecutorial misconduct should be tailored to the injury suffered and should not unnecessarily infringe on competing interests. *United States* v. *Morrison, supra.* "Absent egregious misconduct or at least a serious threat of prejudice, the remedy of dismissal infringes too severely on the public interest in bringing guilty persons to justice." *Commonwealth* v. *Light, supra* at 116 (Liacos, J., dissenting), quoting *Commonwealth* v. *Cinelli, supra.* A trial judge, therefore, must rest a dismissal of criminal charges for failure of the prosecution to comply with discovery orders in a timely manner on findings that the delayed disclosure was due to deliberate and egregious action by the prosecutor or unintentional conduct resulting in irremediable harm to the defendant. See *Commonwealth* v. *Lam Hue To, supra* at 313; *Commonwealth* v. *Light, supra* at 114. Absent clear error, subsidiary findings of fact made by the trial judge will be accepted by the reviewing court. *Commonwealth* v. *Lam Hue To, supra* at 307.

The dismissal in this case was presumably based on the Commonwealth's late compliance with discovery orders. Because the Commonwealth's conduct, however inexcusable, is clearly not sufficiently egregious to give rise to presumptive prejudice, a trial judge considering whether dismissal was appropriate on these facts would need to examine three factors to determine whether the defendant would be able to obtain a

fair trial despite the prosecutorial impropriety. *Commonwealth* v. *Lam Hue To, supra* at 309, 312-313. *Commonwealth* v. *Manning, supra* at 444. A judge must consider the materiality of the evidence not disclosed, the exculpatory nature of the evidence, and the extent to which the delay prejudiced the defendant. *Commonwealth* v. *Lam Hue To, supra* at 308-309. As in the *Lam Hue To* case, the primary issue here is whether the Commonwealth's late disclosure was irretrievably prejudicial. *Commonwealth* v. *Lam Hue To, supra* at 309. In this case the defendant does not claim that the information the Commonwealth delayed in disclosing was material or exculpatory. Any prejudice the defendant may suffer stems from the delay caused by the Commonwealth's failure to comply with discovery requests. In determining the consequences of late disclosure, a court should consider "whether, given a timely disclosure, the defense would have been able to prepare and present its case in such a manner as to create a reasonable doubt that would not otherwise have existed." *Commonwealth* v. *Baldwin,* 385 Mass. 165, 175 (1982), quoting *Commonwealth* v. *Wilson,* 381 Mass. 90, 114 (1980). In other words, the test of timeliness of prosecutorial disclosure is whether the defendant is able to make effective use of the evidence in preparing and presenting the case. *Commonwealth* v. *Adrey,* 376 Mass. 747, 755 (1978).

Where the prosecution's failure to comply with discovery orders or failure to disclose material, exculpatory evidence has come to light much further along in the litigation process than the stage at which dismissal occurred here, and indeed, after the conclusion of trial, we have found dismissal to be too drastic a remedy. *Commonwealth* v. *Light, supra* 114-115 (failure to disclose exculpatory evidence before and during bench trial did not irremediably prejudice the defendant's rights). *Commonwealth* v. *Baldwin, supra* at 175-176 (delay in disclosing evidence until trial did not prevent the defendant from preparing his case and making effective use of the evidence in presenting his case). *Commonwealth* v. *Adrey, supra* at 755 (no error in allowing trial to continue where defendant's counsel was able to make effective use of information revealed for the first time at trial).

While we in no way condone the prosecutor's repeated failure
to meet the reasonable deadlines for responding to discovery
orders established by the trial judge, the holdings of our cases
suggest that dismissing the complaint against Cronk may be
too drastic a remedy[3] given that the prosecutor's conduct in
this case appears to be unintentional and that compliance with
discovery orders, although late, occurred before a trial date
had been scheduled. In dismissing the complaint against the
defendant, however, the District Court judge made no findings
relevant to the existence of any serious threat of prejudice
resulting from the prosecutor's delayed compliance with dis-
covery orders. It is appropriate that the judge should now
determine, and make relevant findings, as to whether the pros-
ecutor's delayed response to discovery orders caused such ir-
reparable prejudice that the defendant could not receive a fair
trial if the complaint were reinstated. Accordingly, the original
order dismissing the complaint against Cronk is vacated and
the matter is remanded to the District Court for a hearing in
light of the standards articulated in this opinion. A decision to
reinstate the dismissal must be supported by findings showing
how the defendant was irretrievably prejudiced. The District
Court judge's decision on remand, whether to reinstate the
complaint or to reiterate the earlier ruling of dismissal, will,
of course, be subject to the appellate rights of the parties.

*So ordered.*

---

[3] Other sanctions clearly are available against attorneys who are shown
to be in wilful disregard of appropriate court orders.