COMMONWEALTH *vs.* CHRISTOPHER J. ANDERSON. August 4, 1987. *Practice, Criminal*, Dismissal, Conduct of prosecutor.

This is an appeal by the Commonwealth from the dismissal without prejudice of four criminal complaints against the defendant.[1] The dismissals took place in the jury-of-six session, after the defendant had been found guilty in a bench trial. We treat the appeal as being brought under G. L. c. 278, § 28E.[2] Contrary to the defendant's urging, that statute does not limit appellate review to pretrial dismissals. *Commonwealth* v. *Brusgulis*, 398 Mass. 325, 326 n.1 (1986).

The reason for the dismissal was the assistant district attorney's failure to appear promptly on the second day of trial despite express instructions from the judge to do so on the preceding day. He had been told to be at court promptly at 9:00 A.M. At 9:15 A.M., pursuant to a motion of the defendant to dismiss the complaints with prejudice,[3] the judge, after making inquiries of the district attorney's office, dismissed the complaints without prejudice. After filing a notice of appeal, but before entry of the appeal in this court, see *Commonwealth* v. *Cronk*, 396 Mass. 194, 194 n.1, 197 (1985), the Commonwealth filed a motion to vacate the dismissals. The Commonwealth's motion was denied after hearing.

It is apparent that the assistant district attorney, as the judge found after the hearing on the Commonwealth's motion to vacate, exhibited an over-all picture of handling the case in a "lackadaisical manner." His excuse for not appearing on time was "traffic." Yet he left his house, which was ten to fifteen miles from the courthouse, at 8:45 A.M., he took back roads where the speed limit was "anywhere from 25 to 35 miles per hour," and did not have an assigned parking space at the courthouse. He arrived at the court-house at 9:22 A.M., after the jurors had been discharged. There was evidence that the assistant district attorney had also been late the day before and had kept the jurors, the court, and the defendant waiting. In addition, the transcript on the motion to vacate indicates that the assistant district attorney showed inexcusable rudeness to the judge.

The transcript of the hearing at the time of dismissal contains defense counsel's argument: the judge had given express instructions for the assistant district attorney to be there at nine o'clock, that on the day before, although the case had been set for trial at 9:00 A.M., the assistant district attorney

---

[1] One of the complaints charged the defendant with being a disorderly person, the other three with an assault and battery on a police officer in the performance of his duty.

[2] Even if, as the defendant claims, the Commonwealth purported to file its appeal under Mass.R.Crim.P. 15, 378 Mass. 882 (1979), as amended, 397 Mass. 1225 (1986), that fact does not require dismissal if the appeal is properly here under the statute.

[3] The Commonwealth points out that double jeopardy principles do not here apply. We do not reach that issue but in no way intend to suggest that they do apply. See *Commonwealth* v. *Lam Hue To*, 391 Mass. 301, 311 (1984).

had not appeared in the courthouse until ten o'clock; that he then disappeared, apparently for the purpose of preparing his witnesses, and did not reappear until eleven o'clock; that defense counsel had had twelve witnesses in court the day before who had to be back again on this day, several of them under subpoena, and all of whom were missing work.

The judge reviewed his instructions of the previous day and noted that calls to the office of the district attorney were without success. The judge then stated he would dismiss the complaints because: "number one, it's not fair to the jurors; number two, it's not fair to the defendant; number three, it's not fair to the witnesses."[4]

Although the assistant district attorney engaged in deplorable behavior and in wilful disregard of appropriate court orders, dismissal is not the proper remedy, even if the dismissal is without prejudice. *Commonwealth* v. *Hine*, 393 Mass. 564, 573 (1984), cautions: "[J]udicial responses should be limited to truly remedial, and not punitive measures." The Commonwealth's conduct, however inexcusable, did not create the kind of prejudice which would preclude the defendant from obtaining a fair trial. See *Commonwealth* v. *Light*, 394 Mass. 112, 114-115 (1985). The findings of the judge at the time of the allowance of the motion are conclusory, and nothing contained in that transcript or in the transcript of the hearing on the motion to vacate the dismissals shows any such prejudice. If the dismissals were to be upheld, the same witnesses may have to appear again at both a bench trial and a jury trial. The defendant may also have to undergo the tensions of two additional trials. While defense counsel urges that the jurors were annoyed, there is nothing in the record to suggest presumptive prejudice or that an additional jury recess would have prejudiced the defendant.

We recognize that a dismissal without prejudice is a far less drastic sanction than dismissal with prejudice; nevertheless, dismissal does infringe severely on the public interest.[5] Unless there is some demonstrable prejudice to the defendant, prosecutorial misconduct of the kind here at issue should be treated by other sanctions, e.g., a fine or report to the Board of Bar Overseers, or both. See *Commonwealth* v. *Hine*, 393 Mass. at 573; *Commonwealth* v. *Cronk*, 396 Mass. at 201 n.3.

Accordingly, the order dismissing the complaints is vacated, and the case is remanded to the District Court for reinstatement of the complaints and for trial before a new jury.

*So ordered.*

*Charles J. Hely*, Assistant District Attorney, for the Commonwealth.
*Joan A. Lukey* (*Michael Kendall* with her) for the defendant.

---

[4] He also stated: "I mean, we are persecuting them because they are witnesses, to come and testify; we're saying, well, you know, 'You're governed according to what we say.' Four o'clock, nine o'clock means nothing; it's when the Commonwealth is ready. It doesn't work that way."

[5] If the dismissals are upheld, two additional trials are likely — a bench and a jury trial.