COMMONWEALTH *vs.* JOEL HERNANDEZ.

Suffolk. September 14, 1995. - November 8, 1995.

Present: LIACOS, C.J., WILKINS, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Discovery, Disclosure of identity of surveillance location, Dismissal.

A District Court judge properly within his discretion ordered the Commonwealth to disclose the location of the surveillance post from which police had observed criminal activity, where the defendant made a sufficient preliminary showing that disclosure would provide material evidence needed by the defendant for a fair presentation of the case to the jury. [274-276]

This court vacated an order of dismissal of a criminal complaint and remanded the matter for a determination whether the prosecutor's refusal to disclose as ordered the surveillance location from which police officers had observed criminal activity caused such irreparable prejudice that the defendant could not receive a fair trial if the complaint were reinstated. [276-280]

COMPLAINT received and sworn to in the Boston Municipal Court Department on March 21, 1994.

The complaint was ordered dismissed by *Mark Hart Summerville,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*W. Matthew Iler,* Assistant District Attorney, for the Commonwealth.

*Risa E. Freeman* for the defendant.

LYNCH, J. The Commonwealth appeals from a Boston Municipal Court judge's order dismissing a criminal complaint

against the defendant.[1] The complaint charged the defendant with distribution of marihuana in a school zone, in violation of G. L. c. 94C, §§ 32C and 32J (1994 ed.). On the defendant's motion, the judge ordered the Commonwealth to disclose the location of the surveillance post from which the police observed the criminal activity. The Commonwealth refused to comply with the order, and the judge granted the defendant's motion to dismiss. The Commonwealth appealed, and we transferred the case here on our own initiative. We now reverse and remand the case for additional findings.

There was no evidentiary hearing in this matter. The Commonwealth says that its evidence would warrant the following: Police saw the defendant sell marihuana to another individual on March 18, 1994. At the time of the incident, the police officers were located in a surveillance post overlooking O'Dey playground in the South End of Boston. The alleged drug sale took place in the playground, at a spot approximately 820 feet from the Blackstone Elementary School. After the buyer left the playground, police apprehended him and confiscated the marihuana. The defendant subsequently left the playground, but returned about fifteen minutes later with another individual. After the defendant left the playground a second time, police arrested him on the charge of distributing marihuana within 1,000 feet of a school.

Prior to trial, defense counsel moved for disclosure of the surveillance location. In support of the motion, the defense attorney stated, "Basically your Honor, I am looking for the exact location from which the officers who made the observation, made those observations. This is so that the Defendant has an opportunity . . . to determine whether the officer could have made the observations that the officer is saying he made."[2]

---

[1] The record before us does not make clear whether the judge dismissed the complaint with or without prejudice. We shall assume that the dismissal was with prejudice.

[2] The defendant also filed a written motion in support of disclosure. It is unclear from the record whether the motion was before the judge when he

The judge ordered the Commonwealth to disclose the building and floor from which the observations were made, but not the apartment number.[3] On April 22, the Commonwealth moved for reconsideration of the disclosure order. After the judge denied the motion for reconsideration, the Commonwealth refused to disclose the surveillance location. When the judge asked for an explanation, the Commonwealth attempted to call a police officer as a witness, but the judge refused to hear from the witness. The Commonwealth stated that disclosing the location would jeopardize an ongoing investigation into gang-related activity and possible weapons charges. According to the Commonwealth, the police were willing to "sacrifice a case involving marijuana for having some involving arms."

The judge dismissed the case without hearing any evidence or making any findings of fact or rulings of law.

The case presents two issues on appeal. First, was it proper for the judge to order disclosure of the surveillance location? Second, if the disclosure order was valid, was it proper for the judge to dismiss the complaint for the Commonwealth's failure to comply with it? We answer these questions in turn.

"In the proper exercise of discretion, a judge may order discovery of information necessary to the defense of a criminal case. Mass. R. Crim. P. 14 (a) (2), 378 Mass. 874 (1979)." *Commonwealth* v. *Cronk*, 396 Mass. 194, 198 (1985).

The Commonwealth argues that it had a right to withhold the location of the police observation post under the so-called "surveillance location privilege." This privilege has been analogized to the well-established informer's privilege. See *Commonwealth* v. *Lugo*, 406 Mass. 565, 570 (1990). A similar standard exists for evaluating claims of privilege under

---

issued his order. Therefore, we will assume that the judge ruled on the basis of the oral motion alone.

[3]The Commonwealth contended that, in this case, disclosure of the building and floor would be tantamount to disclosure of the exact location.

both categories. *Id.* See *Commonwealth* v. *Rios,* 412 Mass. 208, 213 (1992).

We have distinguished between a demand for disclosure of privileged information at a pretrial hearing, such as a motion to suppress, and a demand for disclosure at trial, where the issue is the defendant's ultimate guilt or innocence. See *Commonwealth* v. *Lugo, supra* at 571. Disclosure has been required at trial where the material is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* at 570, quoting *Roviaro* v. *United States,* 353 U.S. 53, 60-61 (1957).

Here, it is likely that disclosure of the surveillance location would have been relevant and helpful to the defense where there was every indication that the testimony of the observing police officers was crucial to the Commonwealth's case.[4] In order properly to cross-examine the police officers on their observations from the surveillance location, the defendant would need to know the distance from the observation post to the site of the alleged crime, as well as the existence of any obstructions or other impediments to a clear view of the playground. "A fair and full cross-examination to develop facts in issue or relevant to the issue is a matter of absolute right and is not a mere privilege to be exercised at the sound discretion of the presiding judge, and the denial of the right is a prejudicial error." *Commonwealth* v. *Lugo, supra* at 572, quoting *Commonwealth* v. *Johnson,* 365 Mass. 534, 543 (1974). The judge clearly understood this principle when he issued the disclosure order.[5]

---

[4]The Commonwealth asserts in its brief that it may have called the buyer arrested the same day as the defendant as a witness in the case. This assertion is not supported in the record, which refers only to police officers as potential witnesses. Even if the Commonwealth were to produce another witness to the crime who was not in the surveillance location, the police observations still would constitute a very important element of the Commonwealth's case against the defendant.

[5]The judge stated at the April 11, 1994, hearing that disclosure of building and floor of the surveillance post "will give Defense Counsellor . . . enough to determine what the . . . view of the particular officer was at that time."

Moreover, "[t]he case for confidentiality is further weakened because here we are not concerned with protecting a confidential informant or an informant's property or even, in any significant way, with protecting the physical safety of police officers." *Commonwealth* v. *Rios, supra* at 213 n.7.

The Commonwealth argues that the judge erred in ordering disclosure because the defendant failed to make a threshold showing that the view from the surveillance post was obstructed. The Commonwealth misunderstands the defendant's burden. "There is . . . no requirement that a defendant, denied access to evidence that might prove helpful in his defence, must make a specified showing of just what the evidence might have proved and how far he [would be] prejudiced by the withholding." *Commonwealth* v. *Lugo, supra* at 572, quoting *Commonwealth* v. *Johnson, supra* at 547.

All that is required is that the defendant make a preliminary showing that disclosure would provide material evidence needed by the defendant for a fair presentation of his case to the jury. *Commonwealth* v. *Lugo, supra* at 574. See *Commonwealth* v. *Healis*, 31 Mass. App. Ct. 527, 531 (1991). Although the judge is not required to make findings in every case, disclosure should not be required, except in an in camera proceeding, unless the reason for disclosure is apparent on the record. *Commonwealth* v. *Douzanis*, 384 Mass. 434, 437 n.6, 443 (1981).

Here, the circumstances of the case as described above were sufficient to meet the preliminary showing of need that we have required in cases involving disclosure of similar privileged information at trial. The judge's comment at the hearing, quoted in note 5, *supra*, demonstrated that he ordered disclosure to give the defendant a basis for determining what the police officer, the Commonwealth's principal witness, could observe from the surveillance post. The judge did not abuse his discretion in ordering disclosure.

The second issue concerns the propriety of the judge's dismissal of the complaint. "Upon the failure of the Commonwealth to comply with a lawful discovery order, a judge 'may

impose appropriate sanctions, which may include dismissal of the criminal charge.' " *Commonwealth* v. *Cronk, supra* at 198, quoting *Commonwealth* v. *Douzanis, supra* at 436. Mass. R. Crim. P. 14 (c) (1), 378 Mass. 880 (1979).[6]

Dismissal with prejudice is appropriate in cases of egregious prosecutorial misconduct or on a showing of prejudice (or a substantial threat thereof), or "irremediable harm" to the defendant's opportunity to obtain a fair trial. See *Commonwealth* v. *Jacobsen,* 419 Mass. 269, 276 (1995) ("egregious misconduct or at least a serious threat of prejudice"), quoting *Commonwealth* v. *Cinelli,* 389 Mass. 197, 210, cert. denied, 464 U.S. 860 (1983); accord *Commonwealth* v. *Connelly,* 418 Mass. 37, 38 (1994). See also *Commonwealth* v. *Lewin,* 405 Mass. 566, 579 (1989) ("showing of irremediable harm" or "prosecutorial misconduct that is egregious, deliberate, and intentional"), quoting *Commonwealth* v. *Cronk, supra* at 198-199. In such cases, we have held that, before dismissing the complaint, the judge needs to make a finding as to "whether the prosecutor's . . . response to discovery orders caused such irreparable prejudice that the defendant

---

[6]It is important to distinguish the issue presented here from other cases involving dismissal of a criminal charge or indictment. This is not a case where the judge has ordered dismissal because the indictment or complaint is legally invalid. See *Angiulo* v. *Commonwealth,* 401 Mass. 71, 79 (1987) (double jeopardy bars prosecution); *Commonwealth* v. *O'Dell,* 392 Mass. 445, 447 (1984) (improper presentation of evidence to grand jury); *Commonwealth* v. *Salman,* 387 Mass. 160, 167 (1982) (grand jury integrity impaired); *Commonwealth* v. *McCarthy,* 385 Mass. 160, 163 (1982) (insufficient evidence presented to grand jury to justify arrest of defendant).

Nor is this a case in which the judge dismissed a case over the Commonwealth's objection on the ground that the Commonwealth had insufficient evidence to win at trial. See, e.g., *Commonwealth* v. *Thurston,* 419 Mass. 101, 104 (1994); *Commonwealth* v. *Pellegrini,* 414 Mass. 402, 405-406 (1993); *Commonwealth* v. *Brandano,* 359 Mass. 332, 337 (1971). Cf. *Commonwealth* v. *Gordon,* 410 Mass. 498, 502-503 (1991). Under the preceding cases, this court has set out procedural safeguards under which affidavits must be filed and the judge must hold an evidentiary hearing on disputed matters unless the judge concludes, on the basis of the affidavits, that the interests of public justice require a dismissal. *Commonwealth* v. *Thurston, supra* at 104-105. See *Commonwealth* v. *Brandano, supra.*

could not receive a fair trial if the complaint were reinstated." *Commonwealth* v. *Cronk, supra* at 201.

In applying this test we have never upheld the dismissal of a complaint or indictment for misconduct in the absence of a showing of prejudice. See *Commonwealth* v. *Phillips,* 413 Mass. 50, 59 (1992); *Commonwealth* v. *Lewin, supra* at 586; *Commonwealth* v. *King,* 400 Mass. 283, 292 (1987) ("It may be that, in the absence of prejudice or substantial threat of prejudice, an indictment should never be dismissed").

Here the record reveals (and neither party disputes) that the judge held no evidentiary hearing on the motion to dismiss, nor did he make any findings of fact in support of his ruling.

In various situations we have held that the intentional failure of prosecutors to comply with a discovery order to turn over exculpatory evidence was not sufficiently egregious to require dismissal without a finding of prejudice. See *Commonwealth* v. *Cronk, supra* at 199; *Commonwealth* v. *Lam Hue To,* 391 Mass. 301, 313-314 (1984). See also *Commonwealth* v. *Lewin, supra* at 586-588 (dismissal of murder charges because of police perjury and failure to disclose informant's identity was improper, where judge's finding of irremediable harm was based on egregious nature of misconduct and not showing of prejudice); *Commonwealth* v. *Light,* 394 Mass. 112, 114-115 (1985) (unintentional failure to disclose exculpatory evidence insufficient for dismissal without finding of prejudice).

In cases where prosecutorial misconduct threatened a defendant's constitutional rights, we have required a showing of prejudice to justify a dismissal. For example, in *Commonwealth* v. *Jacobsen, supra* at 276-277, we concluded that a warrantless arrest was not sufficiently egregious to uphold a dismissal, where there was no showing that the misconduct impeded the defendant's ability to obtain a fair trial. Instead, we noted, "the remedy for an illegal arrest is suppression of the evidence tainted by the police misconduct." *Id.* at 275. See also *Commonwealth* v. *Phillips, supra* at 58-59 (proper remedy for illegal search was suppression, not dismissal);

*Commonwealth* v. *Hine*, 393 Mass. 564, 572 (1984) (dismissal not warranted where police improperly interrogated defendant).

Even where the misconduct interferes with the attorney-client relationship, we have never invoked the drastic remedy of dismissal absent a showing of prejudice. See *Commonwealth* v. *King*, *supra* at 292 (detectives' attempts to tape record conversations between defendant and attorney not sufficiently egregious without showing of prejudice, where prosecutorial team was unaware of misconduct); *Commonwealth* v. *Cinelli*, *supra* at 210-211 (detectives' single postarraignment interview of defendant without attorney present insufficiently egregious for prophylactic dismissal). Cf. *Commonwealth* v. *Fontaine*, 402 Mass. 491, 496-497 (1988) (dismissal upheld where prosecutorial team videotaped private conversation between defendant and attorney, and where motion judge found that defendant was prejudiced thereby); *Commonwealth* v. *Manning*, 373 Mass. 438, 443-444 (1977). (dismissal upheld where members of prosecutorial team spoke with defendant outside presence of his attorney to induce him to become informer and where judge found prejudice to defendant).[7]

We therefore vacate the order dismissing the complaint, and remand the case for a determination whether the prosecutor's refusal to disclose the surveillance location "caused such irreparable prejudice that the defendant could not re-

---

[7]There is some language in *Commonwealth* v. *Fontaine*, 402 Mass. 491 (1988), indicating that the parties agreed to presume prejudice to the defendant on the basis of the facts. *Id.* at 495 ("[t]he Commonwealth agrees that, under the circumstances of this case, it bears the burden of proving that no prejudice to the defendant resulted from the [prosecutorial misconduct]"). It is also true, however, that the judge in *Fontaine* made specific findings of fact and rulings of law on the issue of prejudice, on which the court appears to rely. *Id.* at 494-495. Taken together, *Fontaine* and *Manning* may stand for the application of a strict standard in cases where the prosecutorial team's "intentional, egregious conduct threatens a defendant's right to counsel." *Commonwealth* v. *Lewin*, 405 Mass. 566, 586 n.13 (1989).

ceive a fair trial if the complaint were reinstated." *Commonwealth* v. *Cronk, supra* at 201.[8]

*So ordered.*

---

[8]It would, of course, be proper for the judge to impose some other sanction for failure to comply with his discovery order such as suppression of the police officer's testimony or dismissal without prejudice.