KERR CARRINGTON *vs.* COMMONWEALTH. December 23, 2009. *Supreme Judicial Court,* Appeal from order of single justice. *Moot Question. District Court,* Probable cause hearing. *Practice, Criminal,* Probable cause hearing. *Bail.*

Kerr Carrington appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.

On November 28, 2008, a complaint issued against the petitioner charging him with larceny over $250, in violation of G. L. c. 266, § 30 (1); uttering a false check, in violation of G. L. c. 267, § 5; forgery of a check, in violation of G. L. c. 267, § 1; and larceny of a motor vehicle, subsequent offense, in violation of G. L. c. 266, § 28 (*a*). He was arraigned on the charges in the Peabody Division of the District Court Department on December 1, 2008. Bail was set at $7,500, which the petitioner was unable to post. He filed a petition for bail review in the Superior Court, which was denied following a hearing on December 10, 2008. A probable cause hearing was scheduled for January 7, 2009. The District Court docket indicates that on that date the Commonwealth indicated that it was going to seek an indictment. The probable cause hearing was thus rescheduled to February 20, 2009. Thereafter, at the same proceeding, the petitioner asked for and was assigned new counsel, and the date for the rescheduled probable cause hearing was then moved forward to February 6.

On January 12, 2009, the petitioner's counsel filed a "motion to advance and continue." On that same date it appears, again from the District Court docket, that the February 6 hearing was moved to February 5. According to the petitioner, on January 16 he filed, pro se, a motion to dismiss the complaint, on the basis that he had not yet had a probable cause hearing. The motion

___

does not appear on the docket, although both the Commonwealth and the petitioner appear to treat the motion as though it were denied. The docket next indicates, on February 5, "[continued] to 3-3-09 for status of indictment."

The petitioner was indicted on February 18, 2009. On February 23, his G. L. c. 211, § 3, petition was entered in the county court, asking the court to dismiss the complaint on the basis that he had not received a probable cause hearing. He also asked that any indictment, if issued, be "stayed" until he had obtained transcripts of the District Court proceedings.[1] Additionally, on March 19, 2009, the petitioner filed an application in the county court for reduction of bail. The petitioner was scheduled to be arraigned on the indictment in the Superior Court on March 31, 2009.[2] A single justice denied the G. L. c. 211, § 3, petition without a hearing.

In his appeal from that denial, the petitioner argues that neither his motion to dismiss the complaint on the basis that he did not have a probable cause hearing nor his application for bail reduction should be deemed moot, and he asks this court to dismiss the indictments and to grant his application for bail reduction.[3] The complaint was dismissed after the petitioner was indicted. Additionally, the bail reduction that the petitioner seeks stems from the bail set by the District Court. Bail was set anew, in a higher amount, by a Superior Court judge, after the petitioner was indicted. Furthermore, on September 17, 2009, a Superior Court jury convicted the petitioner of larceny of a motor vehicle. The petitioner has filed a notice of appeal.

The specific relief that the petitioner seeks is no longer available, and his claims are therefore moot. We nonetheless briefly address them. "Where the original charge" against a defendant "is in the form of a complaint and the defendant is under arrest not having been indicted by a grand jury, he is entitled 'as soon as may be' to a determination whether there is probable cause to hold him for trial." *Lataille* v. *District Court of E. Hampden*, 366 Mass. 525, 528 (1974), quoting G. L. c. 276, § 38. Although the issuance of an indictment will render a probable cause hearing unnecessary, see *id.* at 531, the fact that a defendant who is later indicted has not had a probable cause hearing might, in some circumstances, warrant the dismissal of an indictment. Cf. *Commonwealth* v. *Viverito*, 422 Mass. 228, 230 (1996) (noting that motion to dismiss criminal charges was most severe sanction in case involving motion to dismiss complaint on basis that police interfered with ability to arrange bail). "[W]e have set a high threshold that must be crossed before dismissal is appropriate. 'Dismissal with prejudice is appropriate in cases of egregious prosecutorial misconduct or on a showing of prejudice (or a substantial threat thereof), or "irremediable harm" to the defendant's opportunity to obtain a fair trial.' " *Id.*, quoting *Commonwealth* v. *Hernandez*, 421 Mass. 272, 277 (1995).

There is no indication of such "egregious prosecutorial misconduct" in this

[1]The county court docket indicates an entry date of February 23, 2009, but the petition itself is dated February 18, 2009, and it is clear from the petition that the petitioner drafted it before the indictment issued (or before he learned of it).

[2]The arraignment was originally scheduled for March 10, 2009, but was, according to the Superior Court docket, rescheduled by the court to March 31.

[3]Because the petitioner was indicted after he filed his G. L. c. 211, § 3, petition, the complaint has already been dismissed and the petitioner instead seeks a dismissal of the indictment. The basis for the requested dismissal is the same.

case. Although the petitioner was being held on bail while he was awaiting a probable cause hearing, it appears that on the date that the probable cause hearing was originally set to take place, January 7, 2009, he arranged for a rescheduling of the probable cause hearing to February 6, two weeks earlier than the first rescheduled date, February 20. Additionally, a docket entry dated January 12, 2009, indicates that the petitioner filed a motion to "advance and continue." A docket entry of February 5, 2009, states "[continued] to 3-3-09 for status of indictment." There is no indication in the record as to whether the petitioner objected to the February 5 continuance, and he does not address that issue in his papers either in the county court or before this court. A dismissal is not warranted.

The petitioner fares no better in connection with his application for bail reduction, although we do not necessarily agree with the Commonwealth that the petitioner had an adequate alternative remedy, thus precluding relief under G. L. c. 211, § 3. The basis for the Commonwealth's argument is that the petitioner filed his application in the county court for bail reduction shortly before he was scheduled to be arraigned in the Superior Court on the indictment. That a review of bail would take place at that time was, in the Commonwealth's view, sufficient, but the petitioner was seeking a reduction of bail set by the District Court in connection with the complaint, and the Commonwealth provides no support for its argument that the petitioner's adequate alternative remedy was simply to wait eleven days until his arraignment on the indictments. That said, even if the petitioner's request for relief was not moot, he would not succeed on the merits. He filed a petition for bail review in the Superior Court, after bail was set in connection with the complaint. The record does not indicate the basis for the Superior Court judge's denial of the petition, after a hearing, but the petitioner's only argument for reduction is that he could not afford to pay the $7,500 bail set by the District Court judge. That is not, in this case, a sufficient argument. See *Leo* v. *Commonwealth*, 442 Mass. 1025, 1026 (2004) (amount of bail was not excessive merely because petitioner could not post it).

The single justice did not abuse his discretion or otherwise err in denying the G. L. c. 211, § 3, petition.

*Judgment affirmed.*

The case was submitted on briefs.

*Kerr Carrington*, pro se.

*Elin H. Graydon*, Assistant District Attorney, for the Commonwealth.