NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-1116                                          Appeals Court

COMMONWEALTH  vs.  MICHAEL J. MELUCCI
(and six companion cases[1]).

No. 14-P-1116.

Bristol.      June 2, 2015. - August 31, 2015.

Present:  Cypher, Vuono, & Grainger, JJ.


Practice, Criminal, Dismissal, Continuance.


Complaints received and sworn to in the Taunton Division of
the District Court Department on April 29, 2013.

The complaints were ordered dismissed by Gregory L.
Phillips, J.


Yul-mi Cho, Assistant District Attorney, for the
Commonwealth.


CYPHER, J.  The Commonwealth appeals from orders of the

District Court dismissing with prejudice the complaints against

the defendants charging various firearms offenses.[2]  We reverse.

_____

[1] Two against Michael J. Melucci and four against Joshua
Weiss.

[2] The defendants were each charged with possession of a
large capacity firearm pursuant to G. L. c. 269, § 10(m);

Background.  The defendants were arraigned in April, 2013, and the cases were scheduled for probable cause hearings in June, 2013.  After requests for a continuance made by defense counsel, the probable cause hearings were rescheduled for August, 2013.  Due to court congestion in August, 2013, the hearings were continued to September, 2013.  At the September, 2013, hearing date, at least one defense attorney did not appear and the case was again continued to November, 2013.[3]  For reasons unclear from the docket, the hearings were then continued to two dates in January, 2014, and then to February, 2014.  No objection appears on the dockets.  At the time of the probable cause hearing in February, 2014, the assistant district attorney assigned to the cases was on trial in Superior Court and was therefore unable to appear in District Court.  A different assistant district attorney appearing on behalf of the Commonwealth asked for a continuance, noting for the judge that the cases were "going to be a disposition."  The judge denied

---

possession of ammunition pursuant to G. L. c. 269, § 10(h)(1); and improper storage of a large capacity firearm pursuant to G. L. c. 140, § 131L(a), (b).  Weiss was also charged with the additional offense of carrying a firearm pursuant to G. L. c. 269, § 10(a).

[3] The dockets indicate there was also court congestion on that date.

the Commonwealth's request and, sua sponte, dismissed the cases with prejudice for want of prosecution.[4]

In March, 2014, the parties filed joint motions to vacate the dismissals with supporting affidavits from the assistant district attorney assigned to the cases and defense counsel. The affidavits detailed the plea negotiations between the parties and defense counsel averred that the defendants did not suffer any prejudice from the repeated continuances. The judge denied the motions without a hearing. The Commonwealth now appeals.[5]

Discussion. "Dismissal with prejudice is appropriate in cases of egregious prosecutorial misconduct or on a showing of prejudice (or a substantial threat thereof), or irremediable harm to the defendant's opportunity to obtain a fair trial." Commonwealth v. Hernandez, 421 Mass. 272, 277 (1995) (quotation omitted). Indeed, without such a showing, "dismissal of a complaint on a basis such as want of prosecution should not be with prejudice." Commonwealth v. Corbett, 26 Mass. App. Ct. 773, 779 (1989). Where, as here, the defendants averred that

---

[4] The assistant district attorney requested that the complaints be dismissed without prejudice. After asking the clerk how many times the cases had been scheduled for probable cause hearings, the judge confirmed that he was dismissing the complaints with prejudice.

[5] Defense counsel did not file a brief contesting the Commonwealth's appeal.

they have not suffered any prejudice, and the judge did not make any findings to that effect, dismissal with prejudice was inappropriate.  The judge's frustration with the number of continuances at such an early stage of the proceedings, while understandable, cannot alone serve as the basis for the draconian sanction of dismissal with prejudice.  See Commonwealth v. Connelly, 418 Mass. 37, 39 (1994); Commonwealth v. Heiser, 56 Mass. App. Ct 917, 918 (2002).  We therefore vacate the orders dismissing the complaints and remand the cases to the District Court.

So ordered.