## COMMONWEALTH *vs.* JOHN M. HALLET.

Suffolk. March 9, 1998. - June 2, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Practice, Criminal,* New trial, Appeal, Instructions to jury. *Identification.*

Discussion of *Commonwealth* v. *Curtis,* 417 Mass. 619 (1994), and the standards applicable to appellate review of issues raised in a criminal defendant's postappeal motion for a new trial. [552-554]

This court concluded that, when a judge, in deciding a motion for a new trial filed and acted upon prior to a criminal defendant's direct appeal from his conviction, considers an issue on its merits which could have been, but was not, properly preserved at trial for appellate review, the issue is open for consideration by an appellate court as if it had been fully preserved at trial for appellate review. [554-555]

At the trial of an indictment for robbery in which identification was the contested issue, the judge's instructions to the jury on the evaluation of identification testimony, which omitted certain relevant portions of the instruction suggested in *Commonwealth* v. *Rodriguez,* 378 Mass. 296, 310-311 (1979), and the judge's use of language implying that the defendant was one of the robbers, constituted reversible error. [556-559]

INDICTMENT found and returned in the Superior Court Department on December 4, 1991.

The case was tried before *Sandra L. Hamlin,* J., and a motion for a new trial, filed on June 23, 1994, was heard by her.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Andrew Silverman,* Committee for Public Counsel Services, for the defendant.

*Stephen D. Fuller,* Assistant District Attorney, for the Commonwealth.

WILKINS, C.J. We granted further appellate review in this case to reaffirm the standard of review that an appellate court should apply when deciding an appeal from the denial of a motion for a new trial filed and acted on prior to a defendant's appeal from his conviction.

1. In affirming the defendant's conviction of unarmed rob-

bery, the Appeals Court, in an unpublished memorandum and order (43 Mass. App. Ct. 1116 [1997]), acknowledged that the motion judge who acted on the defendant's new trial motion had addressed the adequacy of her jury instructions concerning identification, although at trial the defendant had not preserved the issue for appellate review in the normal course. The Appeals Court concluded that the proper appellate standard in the circumstances was whether any error created a substantial risk of a miscarriage of justice. That court relied on *Commonwealth* v. *Amirault*, 424 Mass. 618, 640 (1997), and *Commonwealth* v. *Curtis*, 417 Mass. 619, 623-626 (1994), each of which, however, involved a challenge to a postappeal denial of a motion for a new trial. The difference is crucial. We intend a clear distinction between an appeal from the denial of a motion for a new trial that was acted on after the defendant's appeal from his conviction has failed and an appeal from the denial of a motion for a new trial that is presented in conjunction with a direct appeal from a conviction.

In *Commonwealth* v. *Curtis, supra* at 621, 623-626, we discussed the standard of review that applies in a postappeal, collateral attack on a defendant's conviction where a motion judge had fully considered on their merits and rejected arguments that could have been, but were not, argued on the defendant's direct appeal. We stated that "[o]ur attention here is on the denial of a new trial motion filed after a conviction has received appellate review, and not with new trial motions considered before a conviction has been reviewed." *Id.* at 623. We concluded that, in such a postappeal review, we would not apply our "principle of long standing" (*id.* at 625, and cases cited), under which an appellate court considers a new trial issue as if it had been properly preserved for appellate review, if, but only if, the motion judge had considered the issue on its substantive merits in denying the motion for a new trial. *Id.* at 626. See *Commonwealth* v. *Skinner*, 408 Mass. 88, 92 (1990), and cases cited. We decided, instead, that the proper test was whether the error created a substantial risk of a miscarriage of justice. *Commonwealth* v. *Curtis, supra* at 623. We said nothing about abandoning our long-standing principle of issue resurrection if the denial of a new trial motion were presented on appeal in conjunction with the appeal from the conviction itself. The Appeals Court concluded, however, that what we said in the *Curtis* case and in *Commonwealth* v. *Amirault, supra*, also a

postdirect appeal challenge, indicated that we would not apply, and hence would abandon, our principle of issue resurrection when an appeal of the denial of a motion for a new trial arises in conjunction with a direct appeal from the defendant's conviction.

If a motion judge has denied a motion for a new trial without considering the substantive merits of an issue that could have been, but was not, preserved for full appellate review, the standard of appellate review of that issue (whether raised by an appeal from the conviction or by an appeal from the denial of a postappeal motion) is whether there was an error that created a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Martinez*, 420 Mass. 622, 624 (1995); *Commonwealth* v. *Curtis*, *supra* at 624 n.4. If an appeal from the denial of a new trial motion is presented in conjunction with a direct appeal, but the motion judge did not see fit to consider the merits of a claim of trial error raised for the first time in the new trial motion, a challenge to that denial adds nothing to the defendant's appellate position because the substantial risk of a miscarriage of justice argument is available, in any event, on direct appeal from the conviction.

Here, the motion judge gave full consideration to the propriety of her identification instruction which was raised by the motion for a new trial. In this direct appeal we decline to abandon our rule, as we did for postappeal new trial motions, that, when a judge fully considers an issue in deciding a motion for a new trial, the issue is open for our consideration as if it had been fully preserved at trial for appellate review. When the issue is presented in conjunction with a defendant's first appeal, the strong public interest in finality that we identified in *Commonwealth* v. *Amirault*, *supra* at 639, is absent. Appeals diligently pursued are appropriate to the process of litigation, and, if a timely preappeal motion for a new trial is made and denied, issues that the motion judge resurrected may fairly be considered as part of the appeal from the conviction. This is particularly so because the motion judge in such case will have been the trial judge, unless the trial judge is unavailable. Because the trial judge has undoubted discretion to order a new trial for a wide variety of reasons, we see no ground for denying the judge discretion to resurrect an issue on a posttrial but preappeal hearing.

The motion judge, of course, has wide discretion whether to

consider an issue that could have been raised at trial but was not. Particularly if he or she was the trial judge, the motion judge may decide in fairness that the issue should be open for full appellate review. The judge may conclude that, if the asserted error was made, the defendant would be entitled to a new trial, but may believe that no error occurred. In such an instance, the judge may wish to consider the substantive merits, explain his or her position, and knowingly open the issue for full appellate review.

In opposing the allowance of a new trial motion, the Commonwealth should remind the judge of the consequences of considering an issue on its merits that the defendant reasonably could have raised at or before trial but did not. The judge should recognize that, unless the asserted error concerns a manifest injustice or created a substantial risk of a miscarriage of justice, she has wide discretion whether to consider any new trial issue fully on its merits. A motion judge's determination only that an asserted error created no such injustice would not resurrect an issue because the issue would not have been considered fully on its substantive merits.

We conclude, according to long-standing practice, that any issue argued in the appeal from the denial of the defendant's motion for a new trial that the motion judge fully addressed on its merits must be considered as if properly preserved for direct appeal.

2. The central issue at trial was whether the robbery victim and his wife correctly identified the defendant as one of two men who robbed the victim on Dartmouth Street in the South End of Boston on the night of November 23, 1991. The jury could have found the following. Two men, one white and one black, accosted the couple, pushed the victim against a brick wall, and demanded his money. When the victim denied that he had any money, each of the men replied that "we're going to blow you away." The victim surrendered his wallet. The robbers ran down Dartmouth Street and turned left on Appleton Street. The victim's wife screamed for someone to call 911. The victim gave chase and caught up to the white man. As they wrestled, the victim saw his wallet on the street. He released the robber who ran off. He was never apprehended. By that time, a group of about five or six people had stopped the defendant, who was black, on Appleton Street less than one block from the scene of the robbery. The victim and his wife had lost sight of

the fleeing black man for a brief period. The police arrived, and the victim and his wife identified the defendant as one of the robbers. The defendant was arrested.

The defendant testified that he had left the home of one sister on the night of the robbery to go to the home of another sister. As he was headed toward Tremont Street on Dartmouth Street, he heard a commotion. He went to investigate. He saw two men run by, one chasing the other down Appleton Street. He walked down Appleton Street where he was grabbed from behind. One of the men who grabbed him said, "I think that's one of the guys who robbed someone." The defendant denied that he had robbed anyone. The police came and placed him in a cruiser.

According to the defendant, the police brought a man to the cruiser and asked the man if the defendant was "the one." The man said, "I don't know, you know, but the coat looks like the coat." The defendant was missing three front teeth, as the arresting officer observed. The victim and his wife did not mention that the black assailant was missing any teeth. The arresting officer testified, as did the defendant, that the defendant was wearing a black hat when he was arrested. The victim and his wife did not mention that the black assailant was wearing a hat. There was no evidence that anyone saw the defendant running or that he was out of breath when seized.

After the jury had deliberated for less than two hours, they asked the judge to redefine reasonable doubt, which she did. Less than one hour later, the jury returned a verdict of guilty.

3. We come now to the claimed deficiencies in the judge's instructions on identification. She largely followed the suggested instruction appearing in the appendix to *Commonwealth v. Rodriguez*, 378 Mass. 296, 310-311 (1979). She excluded the following:

> "[A] If the identification by the witness may have been influenced by the circumstances under which the defendant was presented to him for identification, you should scrutinize the identification with great care.

> "[B] You may also take into account that an identification made by picking the defendant out of a group of similar individuals is generally more reliable than one which results from the presentation of the defendant alone to the witness.

"[C] You may take into account any occasions in which the witness failed to make an identification of defendant, or made an identification that was inconsistent with his identification at trial."

The judge had discussed her charge on identification with defense counsel. She said that she would omit certain parts of the *Rodriguez* charge as irrelevant. She stated that no one presented the defendant to a witness for identification and, therefore, omitted the language quoted above in [A]. In fact, according to both the victim's and the defendant's testimony, a police officer presented him to the victim.[1] She also omitted the language quoted in [B] above, concerning the lesser reliability of a one-to-one presentation. There were one-to-one confrontations in this case, and the omitted language was relevant.[2] The judge concluded that there was no evidence of a failure to make an identification and omitted the language quoted in [C] above. The defendant had testified, however, that when the victim was brought to the cruiser and asked whether the defendant was the one, the victim first said, "I don't know." That omitted portion of the *Rodriguez* charge was also relevant. Defense counsel, however, agreed with the judge's decision to omit these three portions of the *Rodriguez* suggested instruction. The judge did add the language quoted in the margin.[3]

In adhering to the *Rodriguez* model, the judge included the

[1] In *Commonwealth* v. *Moffett*, 383 Mass. 201, 211-212 (1981), the judge followed the *Rodriguez* model instructions almost verbatim but omitted this language. The defendant there had been shown to an identifying witness while handcuffed in a police cruiser. The court held that, despite the omission of this single portion of the model charge, the judge's instructions adequately covered the question of identification. *Id.* at 212. The judge had additionally told the jury that they should consider the circumstances in which the identification was made and also focused the jury's attention on the "arguably 'troublesome aspects of the identification testimony.'" *Id.* at 211-212, quoting *Commonwealth* v. *Napolitano*, 378 Mass. 599, 609 (1979).

[2] In *Commonwealth* v. *Walker*, 421 Mass. 90, 99-101 (1995), we held that the omission of just this instruction did not constitute a substantial risk of a miscarriage of justice, although there had been a postarrest one-to-one confrontation between the defendant and the identifying witness.

[3] The judge said: "You can find that a witness made a good faith mistake in the identification of the defendant. This is not to say that the witness lied but, rather, that the witness might honestly have been mistaken in the identification of the defendant.

"You may consider whether or not the witness made a good faith mistake when you consider whether the prosecution has proved beyond a reasonable

following: "You may also consider the length of time that passed between the occurrence of the crime and the next opportunity any identification witness had to see the defendant as a factor bearing on the reliability of the identification." The reference to the "next opportunity" to see the defendant implies inappropriately that the witness saw the defendant at the crime scene. In 1984, the Appeals Court commented on this defect and suggested an alternative in *Commonwealth* v. *Fitzpatrick*, 18 Mass. App. Ct. 106, 111 & n.8 (1984). See *Commonwealth* v. *Cuffie*, 414 Mass. 632, 640-641 (1993); *Commonwealth* v. *Adderley*, 36 Mass. App. Ct. 918, 921 (1994). Defense counsel had requested an instruction consistent with the recommended alternative language, but the judge did not adopt it, and the defendant did not thereafter object. The use of the "next opportunity" language would not alone create a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Jackson*, 419 Mass. 716, 732-733 (1995).

4. As we have said, we treat the challenges to the judge's jury instructions on identification as if they had been fully preserved for appellate review. The judge concluded that the instructions on identification were adequate. We agree that strict adherence to the instruction suggested in the *Rodriguez* opinion is not required. *Commonwealth* v. *Conceicao*, 388 Mass. 255, 265 (1983). A judge appropriately may adjust an identification . instruction to the evidence in the case.

This trial concerned the question whether the victim and his wife properly identified the defendant as the robber. The omissions from the judge's charge dealt with considerations that were relevant to the jury's weighing of the identification evidence. These omissions were compounded by the rather subtle point that the reference to a witness's next seeing the defendant after the robbery implied that the defendant was one of the robbers.

The judge's instruction failed to bring to the jury's attention three considerations that this court has said are important to the weighing of identification testimony and are not irrelevant on the evidence in this case. It is not for us to speculate on whether the errors in the charge did not taint the jury's guilty verdict.

---

doubt the identity of the defendant as the perpetrator of the crime."

This language does not appear in the suggested instruction in the appendix to *Commonwealth* v. *Rodriguez*, 378 Mass. 296, 310-311 (1979), but responds to comments in the *Rodriguez* opinion. *Id.* at 302. See *Commonwealth* v. *Pressley*, 390 Mass. 617, 620 (1983).

There is no way to know. The jury were concerned about reasonable doubt and asked for a redefinition of it. This is not a case in which an error was unrelated to a contested issue at trial. The errors in the identification instruction in fact concerned the only contested issue at trial.

*Judgment reversed.*

*Verdict set aside.*