COMMONWEALTH *vs.* EARL C. MONTGOMERY.

No. 00-P-1558.

Suffolk. March 21, 2001. - December 5, 2001.

Present: JACOBS, GILLERMAN, & CYPHER, JJ.

*Practice, Criminal,* Appeal, New trial. *Jurisdiction,* Superior Court. *Superior Court,* Jurisdiction.

A trial court judge who had properly declined, as outside her authority, to act on a criminal defendant's motion for a new trial under Mass.R.Civ.P. 30(b), 378 Mass. 900 (1979), while the defendant's direct appeal of the underlying convictions was pending in the Appeals Court, was similarly without authority to act on the defendant's accompanying motion for an evidentiary hearing, which related directly to the motion for a new trial, or on a subsequent motion for reconsideration, both of which were filed during the pendency of the defendant's direct appeal [351-355].

INDICTMENTS found and returned in the Superior Court Department on June 13, 1997.

The cases were tried before *Elizabeth B. Donovan,* J., and motions for a new trial, for an evidentiary hearing, and for reconsideration were heard by her.

*Alexander M. Esteves* for the defendant.

*Paul B. Linn,* Assistant District Attorney (*David A. Deakin,* Assistant District Attorney, with him) for the Commonwealth.

JACOBS, J. We confirm in this case that a trial court may not act upon a motion for a new trial under Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979),[1] or any related motion, while the defendant's direct appeal is pending in this court.

*Background.* After he was convicted in the Superior Court on charges of sexual abuse of his daughter, the defendant filed a notice of appeal on August 11, 1998. That appeal was entered in

---

[1]Rule 30(b), as amended, 435 Mass. 1501 (2001), became effective on October 1, 2001.

this court on July 22, 1999, and was recently the subject of a decision affirming the convictions. See *Commonwealth* v. *Montgomery,* 52 Mass. App. Ct. 831 (2001).

On December 28, 1999, well after the entry of his direct appeal in this court but before it was decided, the defendant filed a motion for a new trial in the Superior Court together with a motion for an evidentiary hearing.[2] On June 7, 2000, the defendant filed a motion in this court to stay the pending appeal. That motion was denied by the single justice on June 9, 2000. Effective on June 20, 2000, a Superior Court judge endorsed the defendant's motions for a new trial and for evidentiary hearing essentially as follows:

> "The Court . . . orders that no action be taken on defendant's motion for new trial . . . at this time. Case is pending in the Appeals Court. Defendant's motion to stay appeal having been denied, no action is taken by the Court pending appeal."

> "[T]he Court . . . orders that defendant's motion for evidentiary hearing [on defendant's motion for new trial] is denied . . . [, t]he Court having ordered that no action be taken on defendant's motion for new trial pending appeal. . . ."

On July 19, 2000, the defendant filed a notice of appeal with respect to the Superior Court order. Thereafter, the defendant filed a motion to reconsider the denial of his motion for an evidentiary hearing on the motion for a new trial. That motion was denied by the judge, and the defendant timely filed a notice of appeal from that denial.

*Discussion.* As claimed by the Commonwealth, this case is controlled in all respects by *Commonwealth* v. *Cronk,* 396 Mass. 194 (1985), which states that "[o]nce a party enters an appeal, . . . the court issuing the judgment or order from which an appeal was taken is divested of jurisdiction to act on motions to

---

[2]The defendant notes that the new trial motion was filed before he timely filed his brief in this court. That fact is of no consequence to our analysis as the determinative jurisdictional date is the date of entry of the appeal in the appellate court and not the date of filing of either the new trial motion or the notice of appeal in the trial court.

rehear or vacate."[3] *Id.* at 197. See *Commonwealth* v. *Callahan,* 419 Mass. 306, 309 (1995) ("An appeal from a sentence [pursuant to G. L. c. 278, § 28B] is analogous to an appeal from any judgment or order in that, once a party enters an appeal, the judge issuing the order from which an appeal is taken is divested of jurisdiction to act on motions to rehear or to vacate").[4] The cognate rule in the Federal courts, Fed.R.Crim.P. 33, provides that if an appeal is pending, a motion for a new trial based on the ground of newly discovered evidence may be granted only on remand of the case by the appellate court.

A motion for a new trial under rule 30(b), in effect, asks the trial judge to vacate the conviction. Accordingly, and the defendant does not argue otherwise, the judge here, conformably with *Commonwealth* v. *Cronk, supra,* properly declined to act on the motion for a new trial during the pendency of the appeal of the case. The defendant, however, argues that the trial judge abused her discretion in denying his accompanying mo-

---

[3]This court, in *Springfield Redev. Authy.* v. *Garcia,* 44 Mass. App. Ct. 432, 434-435 (1998), indicated the same approach applies to civil cases, stating the following: "Under Massachusetts practice, in the absence of leave from an appellate court, a trial judge lacks jurisdiction to entertain a motion under Mass.R.Civ.P. 60(b) . . . while the judgment is pending on appeal."

[4]The Reporters' Notes to Mass.R.Crim.P. 30, Mass. Ann. Laws, Rules of Criminal Procedure at 1407 (Lexis 2001), in effect at the time of the entry of the defendant's appeal, provided that "[i]f a defendant has filed a motion for a new trial and subsequently enters an appeal, the court to which the motion is directed is not to act thereupon until such time as the appeal is withdrawn or concluded without leave of the appellate court." This express limitation is missing from the Reporters' Notes accompanying the amendment to rule 30 (see note 1, *supra*). Those notes, without alluding to *Commonwealth* v. *Cronk, supra,* state the following: "The Supreme Judicial Court has recognized that a judge may rule on a new trial motion prior to the determination of an appeal from the conviction." Even were we to accord binding effect to the Reporters' Notes, see *Aldoupolis* v. *Commonwealth,* 386 Mass. 260, 269, cert. denied, 459 U.S. 864 (1982), we would not interpret the combination of the missing statement with the use of the phrase "determination of an appeal" as reflecting a departure from the rule of *Commonwealth* v. *Cronk,* in view of the sentence preceding the reference to "the determination of an appeal" which appears to recognize that rule by stating the following: "If the motion [for a new trial] is pending at the time the appeal is entered, counsel then request a stay of the appeal until the motion is disposed of so that any appeal from the ruling can be consolidated with that from the judgment." Moreover, we do not read the reference in the notes to *Commonwealth* v. *Hallett,* 427 Mass. 552, 555 (1998), as supporting the conclusion that a motion for a new trial may be addressed while an appeal is pending absent a stay of the appeal.

tion for an evidentiary hearing on the motion for a new trial. We agree, not for the reasons asserted by the defendant,[5] but rather because the motion for a hearing related directly to the motion for a new trial, and, therefore, also was outside of the judge's discretion and authority. Accordingly, the judge also should have declined to act on the motion for a hearing. The defendant's motion for reconsideration of the denial of his motion for an evidentiary hearing is similarly outside of the judge's authority once the appeal from the underlying conviction has been entered in this court.[6] *Ibid.*

The rule we confirm promotes consistent administrative "no action" treatment of rule 30(b) and related motions in the trial court during the pendency of an entered direct appeal of the underlying conviction whether those motions are filed before or after entry of the direct appeal. At the same time, it does not significantly limit trial court consideration of such motions. They may be decided at any time prior to the entry of the direct appeal in an appellate court and also may be considered after a conviction has received appellate review. The trial court disability we address is limited to the period between the entry of the direct appeal and the determination of that appeal and is subject to a commonly applied exception: if a motion for a stay of appeal pending disposition of a motion for a new trial has been granted by a single justice of an appellate court, a trial judge may act upon that motion, and related motions, notwithstanding the pendency of the appeal.[7] It is only when no such motion is made or in the circumstance, as occurred here, that a

---

[5]Overlooking the jurisdictional effect of the entry of the direct appeal, the defendant argues that the affidavit and memorandum of law supporting his motions and asserting ineffective assistance of trial counsel raise serious and substantial issues of constitutional dimension requiring an evidentiary hearing.

[6]In criminal cases, entry of an appeal automatically occurs "[u]pon receipt of notice of assembly of the record, pursuant to [Mass.R.A.P.] rule 9(d), [as amended, 417 Mass. 1601 (1994)], or approval by the lower court of an agreed statement, pursuant to [Mass.R.A.P.] rule 8(d), [as amended, 378 Mass. 932 (1979)] . . . ." Mass.R.A.P. 10(a)(2), as amended, 378 Mass. 937 (1979). See Reporters' Notes to Mass.R.A.P. 10, Mass. Ann. Laws, Rules of Appellate Procedure at 55 (Lexis 2001).

[7]There is no provision in the Rules of Appellate Procedure for a motion for a stay of appeal. Such motions are permitted as a matter of practice. A separate procedure for addressing and remanding motions for a new trial after a convic-

defendant is unable to persuade the single justice or a reviewing appellate court[8] that a stay should be granted that the defendant is forced to await the outcome of his direct appeal. Generally, the issue presented with respect to a motion for a stay of the appeal is whether the interests of fairness, balanced with the interests of judicial economy, best will be served by giving priority to a trial court resolution of the defendant's new trial motion. Several factors favor the grant of stays: the possibility that the motion for a new trial will be allowed; the economy of consolidating an appeal from the denial of a motion for a new trial with the direct appeal,[9] see *Commonwealth* v. *Smith*, 384 Mass. 519, 524 (1981); the advantages to the defendant of such consolidated review of a motion for a new trial over postappeal review[10]; and the general systemic benefits of earlier retrials in cases in which a motion for a new trial is allowed. Among the reasons for a denial of a request for a stay are the similarities of issues raised in the motion for a new trial and in the direct appeal, and a reluctance to delay appellate review when briefing has been completed and the case has been, or is ready to be, scheduled for oral argument.[11]

The absence of authority in a trial court to entertain new trial and related motions after an appeal of the underlying conviction

tion for first degree murder is set forth in Mass.R.A.P. 19(d), as appearing in 430 Mass. 1606 (1999).

[8]See *Kordis* v. *Appeals Court*, 434 Mass. 662 (2001) (confirming that Mass. R.A.P. 15[c], 365 Mass. 859 [1974], and Rule 2:02 of the Rules of the Appeals Court [1975], permit review of a ruling of a single justice by an appellate court).

[9]When an appeal from the denial of a new trial motion is entered in this court prior to or in conjunction with the direct appeal from a criminal conviction, as a matter of practice those appeals generally are consolidated on this court's own motion or on application of a party. See *Commonwealth* v. *Powers*, 21 Mass. App. Ct. 570, 572 n.2 (1986).

[10]Aside from the obvious potential benefit to a defendant of an earlier retrial, appellate review of a denial of a motion for a new trial in conjunction with a direct appeal may involve a different standard of review than an appeal from a denial of such a motion that occurs after the direct appeal from the conviction has failed. See *Commonwealth* v. *Hallet*, 427 Mass. 552, 554-555 (1998). See also *Commonwealth* v. *Curtis*, 417 Mass. 619, 623-627 (1994).

[11]The single justice did not record her reasons for the denial of the stay in the direct appeal. Our docket in that case indicates that the defendant's brief was received on December 29, 1999, and the Commonwealth's on March 20, 2000. The motion to stay the direct appeal was filed on June 7, 2000.

has been entered is not to be interpreted as reflecting a lack of jurisdiction in other matters during the pendency of an appeal. By way of example, and not limitation, we note that Mass.R. Crim.P. 30(a), both at the time of trial, 378 Mass. 900 (1979), and after the recent amendment, 435 Mass. 1501 (2001), permits a trial judge to hear a motion for release from unlawful imprisonment or restraint, or for correction of an illegal sentence, at any time, as is the case with a timely filed motion under Mass.R.Crim.P. 29, 378 Mass. 899 (1979), for revision or revocation of a sentence. Similarly, Mass.R.Crim.P. 31, 378 Mass. 902 (1979), permits a trial judge to order a stay of the execution of a sentence of imprisonment after the entry of an appeal.

The judge's order that no action be taken on the defendant's motion for a new trial is affirmed. The judge's orders denying the defendant's motions for an evidentiary hearing and for reconsideration of that denial are vacated, and those motions are to be treated as not acted upon and awaiting determination by the Superior Court.

*So ordered.*