COMMONWEALTH *vs.* OLAF O.,[1] a juvenile. No. 01-P-150. April 7, 2003.

*Delinquent Child. Jury and Jurors. Practice, Criminal,* Jury and jurors, Indictment, Admissions and confessions, Instructions to jury. *Constitutional Law,* Jury, Admissions and confessions. *Evidence,* Admissions and confessions

The defendant, a juvenile fifteen years of age who became sixteen during the period of the charged offenses, raises on appeal several issues arising from his adjudications of delinquency by reason of statutory rape (one count) and indecent assault and battery upon a child under the age of fourteen (two counts).

1. *Jury of six.* The juvenile argues that he was constitutionally entitled to be tried by a jury of twelve, rather than the six called for by G. L. c. 119, § 56, because the adjudication will cause his name to be listed in the sex offender registry established by G. L. c. 6, §§ 178C-178P. The Fifth Amendment to the United States Constitution guarantee of the right to demand indictment (implying trial by jury) does not apply to the States, see *Commonwealth* v. *McCravy*, 430 Mass. 758, 761 n.5 (2000), and the Sixth Amendment right to jury trial, which does apply to the States, is satisfied by a jury of six persons. *Williams* v. *Florida*, 399 U.S. 78, 86 (1970). The same is true of the Massachusetts constitutional right, art. 12 of the Declaration of Rights, at least insofar as it applies to trials not involving the possibility of "infamous punishment," see *Opinion of the Justices*, 360 Mass. 877, 885 (1971), a phrase connoting capital punishment or a State prison sentence, see *Jones* v. *Robbins*, 8 Gray 329, 347-349 (1857); *DeGolyer* v. *Commonwealth*, 314 Mass. 626, 627-629 (1943). Apart from the risk of registration, this prosecution did not involve a possibility of infamous punishment, because it began by complaint and was tried as a juvenile case with no authorized outcome more onerous than com-

---

[1] A pseudonym.

mitment to the Department of Youth Services to age eighteen. See G. L. c. 119, § 58, as amended through St. 1996, c. 200, § 5; *Charles C.* v. *Commonwealth*, 415 Mass. 58, 65 (1993). See generally Ireland, Juvenile Law § 25 (Supp. 2002). The possibility of registration and community notification did not create exposure to infamous punishment. Because community notification is deemed not to be punishment for ex post facto or for cruel and unusual punishment analysis, but rather to be a collateral, regulatory measure, see *Opinion of the Justices*, 423 Mass. 1201, 1224-1228, 1237-1240 (1996), it would be incongruous to conclude differently for jury trial analysis. Compare *Smith* v. *Doe*, 538 U.S. 84 (2003).

2. *Admission of confession.* In excluding from evidence the juvenile's confession to the victim's mother because it was involuntary, but allowing in evidence the confession thereafter made to the juvenile's aunt, the judge applied the distinctions delineated in such cases as *Commonwealth* v. *Mahnke*, 368 Mass. 662, 680-681 (1975), cert. denied, 425 U.S. 959 (1976); *Commonwealth* v. *Watkins*, 375 Mass. 472, 480-483 (1978); *Commonwealth* v. *Meehan*, 377 Mass. 552, 569-571 (1979), cert. dismissed, 445 U.S. 39 (1980); and *Commonwealth* v. *Smith*, 412 Mass. 823, 830-832 (1992). On the evidence the judge could properly find that, although the break in time and place between the two confessions was not sufficiently significant to contribute to a finding of voluntariness, nevertheless the dramatic change in circumstances brought about by the intervention of the loving and caring aunt and physical separation from the victim's mother and boyfriend caused the statements made to the aunt to be voluntary. Persuaded that the judge applied correct principles of law, we conclude that his finding was not clearly erroneous.

3. *Exclusion of videotape.* The boy victim, when interviewed by police, made videotaped statements describing the circumstances in which he disclosed the juvenile's behavior to his mother and those in which the juvenile made the confessions discussed above. During the voir dire on the motion to suppress, and again after the close of the Commonwealth's case, counsel for the juvenile sought to introduce the videotape in evidence for the purpose of showing that the victim's accusation against the juvenile was elicited under an implicit threat of a beating and that the juvenile's confession was obtained by an actual beating and threats of worse. The juvenile's counsel characterized the offer as "negative fresh complaint" and argued that since the prosecution could put the videotape in evidence as fresh complaint, the juvenile should also be allowed to do so. The judge properly rejected the offer as hearsay; it was offered for the truth of the victim's description of the coercive circumstances. The fresh complaint exception to the hearsay rule applies "only if [the out-of-court statement is] offered to corroborate [the victim's] in-court allegations of sexual assault. See *Commonwealth* v. *Peters*, 429 Mass. 22, 27 (1999), and cases cited." *Commonwealth* v. *Fanara*, 47 Mass. App. Ct. 560, 564 (1999). That exception could not support the juvenile's proffer. Counsel might have used the tape in cross-examination of the victim, to show prior inconsistent statements, see *Commonwealth* v. *Montgomery*, 52 Mass. App. Ct. 831, 832-833 (2001), but he did not do so. The underlying assumption that the Commonwealth could put the tape in evidence as fresh complaint was proven erroneous by *Commonwealth* v. *Quincy Q.*, 434 Mass. 859, 867-870 (2001), decided after the trial.

4. *Jury instructions.* (a) The judge was not required to instruct the jury that,

to find the defendant guilty on any particular charge, they must find "a consistent and repetitive pattern of abuse." *Commonwealth* v. *Kirkpatrick*, 423 Mass. 436, 442, cert. denied, 519 U.S. 1015 (1996). Here, each of the charges, as narrowed by the evidence and by the judge's specification of a particular type of conduct for each charge, referred to a different victim or to a different type of act with the same victim. On none of the charges was there evidence of discrete acts at different times that would satisfy the charge, so as to require a specific unanimity instruction. See *Commonwealth* v. *Grandison*, 433 Mass. 135, 147 (2001); *Commonwealth* v. *Thatch*, 39 Mass. App. Ct. 904, 904-905 (1995); *Commonwealth* v. *Black*, 50 Mass. App. Ct. 477, 479 (2000); *Commonwealth* v. *Frank*, 51 Mass. App. Ct. 19, 25 (2001).

(b) The judge was not required to instruct the jury that a delinquency finding could entail registration and community notification. See *Commonwealth* v. *Bart B.*, 424 Mass. 911, 913 (1997).

(c) The judge gave an adequate general instruction on evaluating witnesses' bias; he was not required to use the slightly tendentious language requested by the juvenile. Compare *Commonwealth* v. *Avery*, 14 Mass. App. Ct. 137, 143-145 (1982); *Commonwealth* v. *Krepon*, 32 Mass. App. Ct. 945, 947-948 (1992).

*Adjudications of delinquency affirmed.*

*Stephen R. Kaplan* (*James B. Winston* with him) for the juvenile.

*Steven Greenbaum*, Assistant District Attorney, for the Commonwealth.