The defendant, Leonides Bones, appeals from the order denying his second motion for a new trial. The defendant was convicted of possession of a class A controlled substance with intent to distribute, G. L. c. 94C, § 34, after a jury trial, and, following a subsequent jury-waived trial, of being a second or subsequent offender. The defendant filed a notice of appeal from the judgments on May 17, 2013, and his direct appeal entered on July 29, 2014. The appeal was stayed on January 8, 2015, to allow the defendant to file a motion for a new trial in the Superior Court. On October 13, 2015, the defendant filed a motion for a new trial pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), which was denied by the trial judge on January 4, 2016. The defendant filed a notice of appeal from the order denying his motion on January 21, 2016. The appeal from the order denying the defendant's motion for a new trial was thereafter consolidated with his direct appeal on March 3, 2016, and the stay of his direct appeal was vacated. The case was then placed on a briefing schedule on August 11, 2016.
The defendant filed a second motion for a new trial in the Superior Court on June 21, 2017, without seeking a stay in this court. The motion was again denied by the trial judge on July 6, 2017, while his consolidated appeal remained pending before this court. On July 28, 2017, the defendant noticed an appeal from the order denying his second rule 30(b) motion. His appeal, which is now before us, entered in this court on August 4, 2017.
We conclude that the judge did not have jurisdiction to act on the defendant's second motion for a new trial during the pendency of his consolidated appeal from the judgments and the order denying his first motion for a new trial. As a result, the defendant's appeal is not properly before us. "Once a party enters an appeal, ... the court issuing the judgment or order from which an appeal was taken is divested of jurisdiction to act on motions to rehear or vacate." Commonwealth v. Cronk, 396 Mass. 194, 197 (1985). See Commonwealth v. Montgomery, 53 Mass. App. Ct. 350, 352 (2001). Because the defendant's consolidated appeal was pending before this court when the defendant brought his second motion for a new trial, the trial judge lacked jurisdiction to act on the motion and the appeal is not properly before us.[2]
The order denying the defendant's second motion for a new trial is vacated, and that motion is to be treated as not acted upon and awaiting determination in the Superior Court.
So ordered.
Vacated.

The defendant should have sought leave from a single justice of this court to stay his consolidated appeal pending the disposition of the second motion for a new trial. See Commonwealth v. Montgomery, supra at 353-354.