NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-648

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 7971

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming the decision of the Sex Offender Registry Board (SORB) classifying him as a level three sex offender in accordance with G. L. c. 6, § 178K (2) (c).  On appeal, Doe argues that the hearing examiner's decision was arbitrary and capricious, and not supported by substantial evidence.  We affirm.

A level three classification is warranted where the hearing examiner determines by clear and convincing evidence that the risk of reoffense is high and the degree of danger to the public is such that a substantial public safety interest is served by active dissemination of the offender's information to the

public.[1]  Doe, Sex Offender Registry Bd. No. 339940 v. Sex Offender Registry Bd., 488 Mass. 15, 30-32 (2021).  See G. L. c. 6, § 178K (2) (c).  "A reviewing court will not disturb SORB's decision unless that decision was (a) in violation of constitutional provisions; (b) in excess of SORB's authority; (c) based upon an error of law; (d) made upon unlawful procedure; (e) unsupported by substantial evidence; (f) unwarranted by facts found by the court, where the court is constitutionally required to make independent findings of fact; or (g) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law."  Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 108-109 (2014) (Doe No. 68549), citing G. L. c. 30A, § 14 (7).  "'Substantial evidence' is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Doe No. 68549, supra at 109, quoting G. L. c. 30A, § 1 (6).

"The court must 'give due weight to [SORB's] experience, technical competence, and specialized knowledge . . . as well as to the discretionary authority conferred upon it.'"  Doe No. 68549, 470 Mass. at 109, quoting G. L. c. 30A, § 14 (7).  "[O]ur

---

[1] "[S]ubsidiary facts need be proved only by a preponderance of the evidence" (citation omitted).  Doe, Sex Offender Registry Bd. No. 390261 v. Sex Offender Registry Bd., 98 Mass. App. Ct. 219, 224 (2020).

review does not turn on whether, faced with the same set of facts, we would have drawn the same conclusion as an [examiner], but only whether a contrary conclusion is not merely a possible but a necessary inference" (citation omitted).  Doe No. 68549, supra at 110.

In assessing the offender's dangerousness and likelihood to reoffend, the hearing examiner's discretion is "guided by [several] statutory risk factors" and various "aggravating and mitigating considerations."  Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 133-134 (2019).  See G. L. c. 6, § 178K (1) (a)-(l); 803 Code Mass. Regs. § 1.33 (2016).  A hearing examiner abuses his discretion if he makes "a clear error of judgment in weighing the [relevant factors] such that the decision falls outside the range of reasonable alternatives."  Doe, Sex Offender Registry Bd. No. 356315 v. Sex Offender Registry Bd., 99 Mass. App. Ct. 292, 299 (2021), quoting L.L. v. Commonwealth, 471 Mass. 169, 185 n.27 (2014).

After careful review of the hearing examiner's decision, we discern no abuse of discretion and conclude that the level three classification was supported by substantial evidence in the record.  The hearing examiner concluded by clear and convincing evidence that Doe's risk of reoffending and degree of dangerousness remained high because of his sexual offending

3

behaviors, violent antisocial behaviors, and his current circumstances. The hearing examiner applied four statutory high-risk factors: factor one (mental abnormality), factor two (repetitive and compulsive behavior), factor three (adult offender with child victim), and factor five (adjudicated sexually dangerous person or released from civil commitment). We find no error in the examiner's application of these factors.

Doe was diagnosed with paraphilia, a mental abnormality specifically related to sexual deviance, and he was apprehended and convicted of numerous sex offenses in 1961, 1976, and 1977. He also continued to sexually reoffend multiple times against numerous other victims after his release from civil commitment in 1994 after being adjudicated a sexually dangerous person in 1977. He was again adjudicated sexually dangerous in 2011 and was civilly committed until 2017. Doe sexually offended against at least ten victims, at least three of whom were under the age of sixteen.

In addition to these high-risk factors, we discern no error in the hearing examiner's consideration of numerous risk-elevating factors.[2] The hearing examiner also considered Doe's

---

[2] Factor 7 (extrafamilial victims); factor 21 (diverse victim type); factor 22 (number of victims); factor 8 (weapons, violence or infliction of bodily injury); factor 9 (alcohol and substance abuse); factor 19 (level of physical contact); factor 10 (contact with the criminal justice system); factor 11 (violence unrelated to sexual assaults); factor 13

4

risk-mitigating factors, in fact giving Doe full mitigating weight for his advanced age (factor 30). The examiner clearly explained how the application of the four high-risk and eleven risk-elevating factors outweighed the mitigating factors present. There is also no merit to Doe's argument that classifying former sex offenders in Doe's age band is per se arbitrary and capricious when, as recently as 2020, Doe violated his probation terms regarding charges of assault, assault and battery, and kidnapping.

Finally, the hearing examiner also reasonably determined that a public safety interest would be served by active dissemination and Internet publication of Doe's sex offender registry information. Community notification of sex offenders is not punishment, but rather is a collateral regulatory measure. Olaf O. v. Commonwealth, 57 Mass. App. Ct. 918, 919

---

(noncompliance with community supervision); factor 15 (hostility toward women); and factor 16 (public place).

(2003).  The hearing examiner's decision was supported by substantial evidence.

Judgment affirmed.

By the Court (Massing, Shin & D'Angelo, JJ.[3]),

Assistant Clerk

Entered:  June 18, 2024.

---

[3] The panelists are listed in order of seniority.